35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luther STEWART, Plaintiff-Appellant,
v.
WESTSIDE EASTSIDE CHILD CARE CENTERS ASSOCIATION, Defendant-Appellee.
 No. 94-3156.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Luther Stewart, appearing pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5, 42 U.S.C. Sec. 1983 and various state laws. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Stewart sued the Westside Eastside Child Care Centers Association, alleging that the terms and conditions of his employment were different because of his gender. Stewart alleged that he did not receive automatic pay raises that female employees received. He also alleged that he was discriminated against because of his conviction for aggravated assault. Upon review of the defendant's motion for summary judgment, Stewart's response and the defendant's reply, the district court granted summary judgment to the defendant and dismissed the case. On appeal, Stewart argues that while he was terminated for having a prior criminal record, another employee who had a prior criminal record was permitted to stay.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Stewart's Title VII and pendent state law claims are without merit because his conviction for aggravated assault disqualified him for employment with the defendant. See Ohio Rev.Code Ann. Sec. 5104.09(A)(1) (Anderson 1993). Further, Stewart cannot proceed with his Sec. 1983 claims because the defendant is not cloaked with sufficient state authority to render it subject to suit. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991).
 
 
 4
 Likewise, Stewart's argument on appeal is not probative. Stewart does not allege that the other employee was convicted of one of the criminal offenses that would preclude his employment under Sec. 5104.09(A). In addition, we must confine our review of the evidence to that submitted to the district court. Landefeld v. Marion Gen. Hosp., 994 F.2d 1178, 1181 (6th Cir.1993).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.